UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DANIEL R. ROATH,
MARY A. ROATH,

        Plaintiffs,

        v.                                      Case No. 10-C-0228

UNITED STATES OF AMERICA,

        Defendant.

DECISION AND ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT (DOC. 46), GRANTING DEFENDANT'S MOTION
FOR RECONSIDERATION (DOC. 44) AND UPON RECONSIDERATION
GRANTING THE MOTION TO DISMISS

Plaintiffs, Daniel R. Roath and Mary A. Roath, sued the United States under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346(b), seeking money damages, costs, disbursements and unspecified relief resulting from acts and omissions that have made their property uninhabitable as well as unsalable. The government asked that the complaint be dismissed, asserting that it was not subject to liability because the conduct at issue implicated the discretionary function exception of the FTCA. 29 U.S.C. § 2680(a). On December 30, 2011, this court granted in part and denied in part the government's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. Rule 12(c). The government is now asking the court to reconsider its decision and to clarify several facts discussed in the aforementioned order. (Doc. 44.) The plaintiffs oppose those requests. However, it also seeks leave to file an amended complaint that adds an allegation that the federal agency acting in this case, adopted a mandatory policy requiring the wetland restoration that gave rise to their claim must not impact neighboring land adversely. This proposed amendment attempts to avoid application of the discretionary function exception and potential dismissal of this action.

As an initial matter, it is unquestionable that this court may revisit its earlier, non-final decision which left additional matters to be decided. Fed. R. Civ. P. Rule 54(b). With that said, and with due regard for the arguments raised and the parties' concerns regarding certain allegations in the pending complaint, defendant's motion for reconsideration will be granted and the court will reexamine its December 30, 2011, decision.

The government asks the court to correct several citations in its decision to allegations in the complaint. The first is to paragraphs 10 and 11 of the complaint which is discussed on page 2 of the decision. There the court summarized the complaint incorrectly as stating: "The NRCS caused the removal of drain tiles and the construction of water control structures on the Surrounding Land in the 1920s." Instead, paragraphs 10 and 11 read as follows:

> 10. Among other things, NRCS caused drain tiles to be removed from the Surrounding Land that had been in place since the 1930s.
>
> 11. NRCS also designed berms and other water control structures and caused them to be built on the Surrounding Land.

Moreover, the court notes, as the government points out in its brief, that the complaint asserts in paragraph 7 that "[b]eginning in the late 1920s and thereafter, the Surrounding Land and other lands around it were artificially drained by the installation of extensive drain tiles." Therefore, the court finds that the complaint contends that the installation of drain tiles commenced in the 1920's.

Next, the court turns to the Roaths' motion. The Roaths are requesting leave to amend their complaint to clarify the years during which the government acquired its easement on the surrounding property and carried out the activities that caused the destruction of their home and land. (Doc. 46.) However, because the proposed amendment will have no bearing on the outcome of this case, the court will deny plaintiffs' motion to amend their complaint.

2

As stated in the initial decision, the court applies a two-part analysis to determine whether the discretionary function exception applies. First, the government may be excepted from liability when a statute, regulation or policy is discretionary. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 535 (1988). Where a government imposes a *specific mandatory* directive, conduct pursuant to the directive is not discretionary. *Id. (emphasis added)*. An agency manual is not necessarily mandatory and entitled to the force and effect of law. *Aragon v. United States*, 146 F.3d 819, 824 (10th Cir. 1998). However, legislative rules, promulgated in accordance with notice-and-comment procedures, do have the force and effect of law. *See* 5. U.S.C. § 553; *Doe v. Reivitz*, 830 F.2d 1441, 1146 (7th Cir. 1998). Promulgation in accordance with the Administrative Procedure Act, 5 U.S.C. § 553, is not the only relevant consideration in determining whether a rule, manual or guideline is mandatory and has the force of law. Second, even assuming that the challenged conduct involves an element of judgment, such conduct is protected only if the judgment is of the kind that the discretionary function exception was designed to shield. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991).

This court held that the Federal Agricultural Improvement Reform Act ("FAIR") Act of 1996, Pub. L. No. 104-127, 110 Stat. 888 (Apr. 4, 1996), required the Secretary of Agriculture to provide for public notice and comment for certain agency materials, including Field Office Technical Guide-Conservation Practice Standard 657 ("CPS 657"). The FAIR Act requires public notice and comment for future revisions of the Natural Resources Conservation Service ("NRCS") technical guides that are used to carry out Title IXX, subtitles A, B and C of the Food Security Act of 1985, 110 Stat. 888 (Apr. 4, 1996). Nevertheless, the Act did not impose such requirements on the Wetlands Reserve Program, which is in subtitle D. Consequently,

3

notwithstanding the court's initial decision, CPS 657 is not mandatory because of the FAIR Act's mandate.

Upon reconsideration, the court finds that CPS 657 is discretionary. CPS 657 states:

V. Criteria - Establishes the minium allowable limits for design parameters, acceptable installation process or performance requirements.

    A. General Criteria

        1. The effect of any modification to the existing surface and/or subsurface drainage system on upstream, adjacent, and downstream landowners will be evaluated in the design. *Upstream surface and subsurface drainage will not be impacted unless appropriate written permission are obtained or mitigation measures are implemented*.

CPS 657, Part VA1 (*emphasis added*). The Roaths contend that the government failed to conform with CPS 657 because the NRCS intentionally or negligently implemented the wetland restoration surrounding their property in a way that caused saturation or damage to their property. (Doc. 15 at 10.) In response, the government maintains that the discretionary function exception applies for a number of reasons. (Doc. 19 at 4.) It asserts that Part VA1 is not a "specific" directive as evidenced by its location under the title General Criteria, as opposed to title Specific Criteria, which is Part VA2 of CPS 657. (*Id.*) The government also notes that the provision is not specific because it does not specify how to achieve several aspects of the listed criteria. (*Id.*) This court agrees.

Analyzed narrowly, CPS 657 appears to provide mandatory language because it states "surface and subsurface drainage *will not* be impacted." However, courts have recognized

4

that "the existence of some mandatory language does not eliminate discretion when the broader goals sought to be achieved necessarily involve an element of discretion." *Holbrook v. United States*, 673 F.3d 341, 348 (4th Cir. 2012), *quoting Miller v. United States*, 163 F.3d 591, 595 (9th Cir. 1998); see also *Berkovitz,* 486 U.S. at 531 (analyzing relevant provisions in light of the broader regulatory scheme).

CPS 657 is found in Part IV of the Field Operations Technical Guide ("FOTG"). As explained in the court's initial decision and order, the statues and regulations from which CPS 657 is derived provide broad discretion. Moreover, the text of CPS 657 allows an agency to impact surface and subsurface drainage if "mitigation measures are implemented," and therefore, the provision provides the agency with discretion to decide how and where to implement mitigation measures. Consequently, this court finds that CPS 657 is neither mandatory or specific. The government is shielded from liability under the discretionary function exception because the judgment in CPS 657 is of the kind that the discretionary function exception was designed to shield.

The Roaths assert that this case must not be dismissed because there are issues of fact as to whether the government actors were authorized to make policy judgments. Factual issues are not relevant at this stage of the present litigation. When evaluating whether the discretionary function exception applies, "[t]he focus of the inquiry is not on [an] agents subjective intent in exercising discretion conferred by statute, but on the nature of the action taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. The exception applies "even if the discretion has been exercised erroneously." *Id.* at 338. "The inquiry is thus whether the discretion exists, not whether in later litigation it is alleged to have been abused." *Holbrook,* 673 F.3d at 349-350. As a result, the discretionary function

5

exception may yield harsh results. Regardless of an agent's actions that may have conflicted with CPS 657, the government is shielded from liability under the discretionary function exception.

The Roaths also allege that NRCS acted jointly with DNR in applying for a permit under Wisconsin law and failing to conform to such permit. They direct the court's attention to a DNR regulation that states: "Unless otherwise specified in this section, wetland conservation activities should be designed and constructed to applicable Natural Resources Conservation Service Field Office Technical Guide Standard Conservation Practice .... 657 - Wetland Restoration (9/00) . . . ." Wis. Admin. Code § NR 353.05. This court finds that § NR 353.05 requires the government to comply with CPS 657, and for the reasons already set forth, such compliance affords the government broad discretion that is susceptible to policy analysis. As such, the discretionary function exception remains applicable here. Now, therefore,

IT IS ORDERED that defendant's motion for reconsideration is granted and upon reconsideration the motion to dismiss is granted

IT IS FURTHER ORDERED that plaintiffs' motion to amend their complaint is denied.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE